STATE OF NORTH CAROLINA v. RONNIE BERNARD DURHAM

No. 8426SC881

(Filed 2 April 1985)

1. **Criminal Law § 75.2— confession not coerced by threat to search house or defendant's knowledge of other contraband therein**

   In a prosecution for first-degree burglary, felonious larceny, and assault with a deadly weapon with intent to kill inflicting serious injury, defendant's confession was properly admitted where the police had told defendant they would obtain warrants to search his home and defendant feared they would discover illegal explosives concealed there. The police merely gave defendant an accurate statement of the law and the fear that the police would discover illegal explosives originated with defendant, not the police; moreover, defendant failed to except to any of the court's findings of fact.

2. **Criminal Law § 101— juror's inquiry about note-taking—objection by defendant—no instruction—no error**

There was no prejudicial error where the court did not instruct the jury that no notes could be taken as mandated by G.S. 15A-1228 (1983) after a party objected. The court's explanation and the juror's answer indicate that no notes were to be taken and nothing indicates that any notes were ever taken, or, if so, that they had any effect on the jury's deliberations.

3. **Criminal Law § 177.1— inconsistency between verdict and judgment—no error**

Where the verdict was guilty of assault with a deadly weapon, a misdemeanor, but the judgment reflected a conviction of felonious assault with a deadly weapon with intent to kill inflicting serious injury, a felony, the case was remanded to make the judgment consistent with the verdict. G.S. 14-32(a) (1981), G.S. 14-33(b) (Cum. Supp. 1983).

APPEAL by defendant from *Burroughs, Judge*. Judgment entered 4 November 1983 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 13 March 1985.

Defendant was indicted on charges of first degree burglary, felonious larceny, and assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show that the victim was in her bathroom when she saw a man in the hall. The intruder pushed his way into the bathroom and grabbed the victim. She screamed, and the man threatened her by holding a knife to her throat. She grabbed the knife and screamed again. The intruder ran from the apartment. The victim cut her hand on the knife. She and her roommate later discovered a camera and some money missing.

The victim could not identify the intruder but police investigation yielded palmprints at the scene which matched defendant's. Defendant was arrested. After signing a form waiving his *Miranda* rights, he was confronted by police with the above account and the palmprint match. Defendant then gave a statement identifying himself as the intruder.

Defendant presented no evidence. The jury returned verdicts of guilty of first degree burglary, felonious larceny, and assault with a deadly weapon. The cases were consolidated for sentencing and the presumptive sentence for the burglary imposed. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy At-torney General John R. B. Matthis and Assistant Attorney General Philip A. Telfer, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for defendant.*

WELLS, Judge.

[1] Defendant first assigns error to the admission of his confession, alleging it was the product of coercion. He does not challenge the arrest or the procedures used to obtain the waiver of his *Miranda* rights, *see Miranda v. Arizona,* 384 U.S. 436 (1966); thus, no general rule requiring suppression applies. Instead, we consider the totality of the factual circumstances in the case. *State v. Corley,* 310 N.C. 40, 311 S.E. 2d 540 (1984). The factual findings of the trial court in denying the motion are conclusive if supported by any evidence. *Id.* Failure to except to individual findings waives any challenge to the sufficiency of the evidence to support them. *State v. Ford,* 70 N.C. App. 244, 318 S.E. 2d 914 (1984). Defendant failed to except to any findings of fact, which are therefore conclusive; they in turn support the court's conclusion that the statement was voluntary. The assignment is therefore overruled. Nevertheless, we have examined defendant's arguments and find them unavailing in any event.

Defendant contends the police improperly threatened him by stating that they could obtain warrants to search his home. We find no coercion: at worst, the police simply gave defendant a correct statement of the law. Having picked defendant up at home and only later arrested him for larceny, police needed search warrants to search defendant's home. *Vale v. Louisiana,* 399 U.S. 30 (1970). Not having found the stolen property, but with a positive print match, the officers undoubtedly had sufficient probable cause to obtain a warrant to search defendant's home for the missing property. *See State v. Rook,* 304 N.C. 201, 283 S.E. 2d 732 (1981), *cert. denied,* 455 U.S. 1038 (1982).

Defendant contends that his fear that police would discover illegal explosives he had concealed at his home motivated his confession and rendered it the product of coercion. This fear originated with defendant, however, not with any pressures by police. The Hobson's choice, between confessing and being discovered

with illegal explosives, was solely of defendant's making. No unconstitutional overbearing of defendant's will occurred. *State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982) (psychological coercion must originate with police); *see Lynumn v. Illinois*, 372 U.S. 528 (1963).

[2]    During preliminary jury instructions one of the jurors asked if the jury could take notes. The court explained that the jury could take notes, but that it would require special instructions. The court asked if the juror wanted the special instructions and the juror replied, "No, sir." Later, while the jury was absent, the court discussed the matter with counsel. Defendant objected to the taking of notes, and the court promised to instruct the jury that no notes could be taken. No instruction was given, however, and defendant now assigns error. He relies on N.C. Gen. Stat. § 15A-1228 (1983), which apparently makes such instruction mandatory upon objection by any party. While the failure to instruct may have constituted error, defendant is not entitled to a new trial unless he can show some effect thereof on the jury's deliberations. N.C. Gen. Stat. § 15A-1443(a) (1983). The court's explanation and the juror's answer indicate that the juror understood that no notes were to be taken, and nothing indicates any notes ever were taken, or, if so, that they had any effect on the jury's deliberations. *See State v. Ward*, 286 N.C. 304, 210 S.E. 2d 407 (1974), *death sentence vacated*, 428 U.S. 903 (1976). The assignment is therefore overruled. We conclude that defendant received a fair trial, free of prejudicial error.

[3]    The jury returned a verdict of guilty of assault with a deadly weapon, a misdemeanor. N.C. Gen. Stat. § 14-33(b) (Cum. Supp. 1983). The judgment, however, reflects a conviction of felonious assault with a deadly weapon with intent to kill inflicting serious injury, a felony. *See* N.C. Gen. Stat. § 14-32(a) (1981). The case must therefore be remanded to the Superior Court of Mecklenburg County to correct the judgment and make it consistent with the verdict. *State v. Williams*, 31 N.C. App. 111, 228 S.E. 2d 668, *disc. rev. denied*, 291 N.C. 450, 230 S.E. 2d 767 (1976).

No error in the trial.

Remanded for correction of judgment.

Chief Judge HEDRICK and Judge MARTIN concur.