STATE OF NORTH CAROLINA v. HAROLD DEAN HAMRICK

No. 8627SC59

(Filed 17 June 1986)

**1. Criminal Law § 34.1— evidence of defendant's guilt of other offenses—no design or plan shown—evidence inadmissible**

　　In a prosecution of defendant for felonious breaking or entering, felonious larceny of a tractor and other items and conspiracy to commit those crimes,

the trial court erred in admitting testimony by two witnesses that in the two months preceding the offenses charged, they and defendant had been involved in similar transactions involving the larceny of tractors, since the State offered the evidence to prove intent or design and a plan to commit the crime charged; the only relation between the other crimes proved in this case and the crime charged was that they were similar and were committed within a time not too far removed from the crime charged, but this was insufficient to show the existence of a plan to commit the offense charged; and proof of a separate crime by itself does not prove a person planned to commit another crime.

2. **Constitutional Law § 74— breaking and entering and larceny charged—failure to report income to IRS—compelling testimony violative of right to remain silent**

   Testimony of defendant who was charged with breaking and entering and larceny offenses as to his failure to report income to the IRS related only to his credibility, and it was therefore error to require him to answer the question when he asserted his constitutional right to remain silent on the ground that the answer might tend to incriminate him.

APPEAL by defendant from *Friday, Judge.* Judgment entered 15 September 1984 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 13 May 1986.

The defendant was tried for felonious breaking or entering, felonious larceny, conspiracy to commit felonious breaking or entering and conspiracy to commit felonious larceny. The State presented evidence tending to show that on 27 February 1984 the defendant and an accomplice, Billy Joe Hill, broke into Parker's Farm Service in Shelby, North Carolina. They loaded onto Parker's company truck a tractor, wheels for the tractor and three log splitters. These items were sold to Bill Wease, who gave the defendant $50 in partial payment. The State also presented testimony from both Hill and Wease that in the two months preceding the 27 February offenses they had been involved with the defendant in similar transactions involving the larceny of tractors.

The defendant presented evidence of an alibi and denied participating in any crimes with Wease and Hill. From judgment entered on a jury verdict of guilty of felonious larceny, felonious breaking or entering and felonious conspiracy, and from sentences imposed, the defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James B. Richmond, for the State.*

*Brenda S. McLain for defendant appellant.*

WEBB, Judge.

[1] The defendant has brought forward nine assignments of error. We shall discuss two of them. He assigns error to the admission of testimony by Bill Wease and Billy Joe Hill that with the defendant they had broken into other places and stolen tractors. We believe this assignment of error has merit.

The State offered evidence of the defendant's involvement in other crimes to prove the crime for which the defendant was being tried. The State contends that in this case the evidence was properly admitted to prove intent or design and a plan to commit the crime charged. G.S. 8C-1, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake, entrapment or accident.

Under this rule the evidence was admissible if it proved intent, design, or plan. Prior to the adoption of the rule there were cases which dealt with the question of the proof of intent, design, or plan by the proof of separate crimes. *See State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954) and H. Brandis, *Brandis on North Carolina Evidence* § 91 (1982). We look to these cases for guidance. In *State v. Byrd*, 60 N.C. App. 624, 300 S.E. 2d 49 (1983) we examined several cases dealing with evidence of other crimes to prove the crime charged. We concluded that the rule had been interpreted so broadly that evidence of other crimes was admissible if the other crimes were similar to and were committed at a time not too far removed from the time of the crime charged. We were reversed by our Supreme Court at 309 N.C. 132, 305 S.E. 2d 724 (1983). The Supreme Court did not discuss the reasons we gave for concluding how evidence of other crimes was so admissible. The Court stated, "[w]e find nothing in any of our cases, however, which would authorize the admission of prior crimes purely because they are 'similar' and 'within a time not too far removed from the crime with which the defendant [is] charged.' " *Id.* at 141, 305 S.E. 2d at 730.

The only relation we can find between the other crimes proved in this case and the crime charged is that they were

similar and were committed within a time not too far removed from the crime charged. In light of the Supreme Court's statement in *Byrd* we do not believe we should hold they were admissible. We believe that under several cases cited in our opinion in *Byrd* they would be admissible. Perhaps with the adoption of the Evidence Code it is time to enforce the rule more strictly. *See State v. Weaver*, 79 N.C. App. 244, 339 S.E. 2d 40 (1986). We believe as to plan the rule should be as stated in *Brandis* § 92 that evidence of other crimes to prove a plan must tend "to show the existence of a plan or design to commit the offense charged, . . . ." We do not believe proof of a separate crime by itself proves a person planned to commit another crime. We cannot see how the evidence in this case was relevant to prove intent or design to commit the crime for which the defendant was tried.

[2] The defendant also assigns error to the court's refusal to allow him to assert his right not to answer a question on the ground his answer might tend to incriminate him. During the cross examination of the defendant he testified he had some income from the sale of firewood. He was asked by the prosecuting attorney whether he had reported this income to the Internal Revenue Service. The defendant through his attorney asserted his constitutional right not to answer on the ground that the answer might tend to incriminate him. He was required to answer and the defendant testified he had not reported this income to the Internal Revenue Service. G.S. 8C-1, Rule 608 provides in part:

> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

The testimony of the defendant as to his failure to report income to the Internal Revenue Service related only to his credibility. It was error to require him to answer this question.

As to the defendant's other assignments of error we find they are without merit or the questions they raise should not recur at a new trial.

New trial.

Judges WHICHARD and JOHNSON concur.