STATE OF NORTH CAROLINA v. WILLIE WILLIS

No. COA99-289

(Filed 7 March 2000)

**Evidence— subsequent crime or act—impermissible character evidence**

Defendant is granted a new trial under N.C.G.S. § 15A-1443(a) because the trial court erred in a common law robbery case by admitting, over defendant's objection, evidence that defendant had been convicted of common law robbery in Guilford County for an incident occurring eight days after the events in this case because: (1) there was no showing of similar circumstances sufficient to render evidence of the Guilford County robbery relevant to show defendant's identity as the perpetrator of the robbery at issue, a common plan or scheme, or motive to commit the crime at issue; and (2) the only relevance of the evidence was to impermissibly show the character of defendant to commit common law robbery. N.C.G.S. § 8C-1, Rule 404(b).

Appeal by defendant from judgment entered 21 October 1998 by Judge Jerry Cash Martin in Forsyth County Superior Court. Heard in the Court of Appeals 26 January 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*L. Jayne Stowers for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from a judgment entered upon his conviction by a jury of common law robbery and his plea of guilty to being an habitual felon. Briefly summarized, the evidence admitted at trial tended to show that on 13 October 1997, Michael Odell Stone, a district manager for a convenience store chain, was accosted in the parking lot as he was leaving one of the chain's stores on Martin Luther King Boulevard in Winston-Salem. Stone was carrying deposit bags containing the store receipts. As Stone put the bags in his car, the man sprayed Stone in the face with pepper spray. The two men struggled and the perpetrator took one of the deposit bags and ran. Although Stone testified that several other people were outside the store and witnessed the robbery, no other eyewitness was called to

testify. Delmarco Smith, an employee of the store, testified that he had seen defendant in the store shortly before the robbery, though Smith did not witness the robbery. Stone identified defendant as the perpetrator after viewing a photographic lineup, and identified defendant at trial.

---

The dispositive issue in this appeal is whether the trial court erred by admitting, over defendant's objection, evidence that defendant had been convicted, on 8 April 1998, of common law robbery occurring in Guilford County on 21 October 1997, eight days after the events at issue in this case. We hold the admission of such evidence was prejudicial error requiring that defendant be granted a new trial.

G.S. § 8C-1, Rule 404(b) provides, in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999). The Rule has been described as a "rule of inclusion" generally allowing evidence of other crimes or acts to be admitted so long as this evidence is relevant for some purpose other than to show defendant's propensity or disposition to commit an offense similar to that for which he is being tried. *State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990), *appeal after remand*, 336 N.C. 412, 444 S.E.2d 431 (1994); *State v. Mac Cardwell*, 133 N.C. App. 496, 516 S.E.2d 388 (1999); *State v. Blackwell*, 133 N.C. App. 31, 514 S.E.2d 116, *cert. denied*, 350 N.C. 595, —— S.E.2d —— (1999).

In the present case, the evidence that defendant committed the 21 October 1997 common law robbery consisted of the following statement by the prosecutor:

Members of the jury, this State's number 11 is a certified copy of court records from High Point, Guilford County, North Carolina. I have four documents here. The first is an indictment for the offense of common law robbery. The offense occurring October 21st, 1997. The jurors of Guilford County stated that on or about that date the defendant then known as Kinard Willis

STATE v. WILLIS

[136 N.C. App. 820 (2000)]

unlawfully, willfully, and feloniously did steal, take and carry away another's personal property, a purse containing things of value, from the person or presence of Easter Mae Alford by violence and putting the victim in fear of bodily harm by threat of violence.

This indictment was rendered on January 20th, 1998 by the High Point Grand Jury.

The other things attached is a judgment and commitment which shows the defendant to be Kinard Willis a/k/a Willie Lee Willis. Been found guilty or pled guilty to the offense of common law robbery, a Class G. felony. Was given a sentence of minimum 36 months, maximum 44 months in North Carolina Department of Correction. That was April 8th, 1998 by the Honorable Russell G. Walker.

Also attached is a transcript of plea signed by the defendant as Willie Lee Willis on April 8th, 1998 pleading guilty to the offense of common law robbery and assault on a female, both occurring on that date. This is the transcript of plea on which the judgment of 36 months in prison was rendered.

The other item Judge Martin has allowed to be included is a court document signed by Kinard Willis in the same court file showing—setting forth his monthly income as zero, his monthly expenses as zero, total assets as zero, his total liabilities as zero. This was the form he applied for counsel with.

Judge, that would complete my summarization . . . .

The evidence was offered by the State and admitted by the trial court to show defendant's identity and *modus operandi*, his motive, and the existence of a common plan or scheme.

For evidence of another crime to be admissible as relevant to the issue of identity under Rule 404(b), the *modus operandi* of the other crime and the crime for which the defendant is on trial must be sufficiently similar to support a reasonable inference that the same person committed both crimes. *State v. Hamilton*, 351 N.C. 14, 20, 519 S.E.2d 514, 518 (1999). "[T]here must be 'some unusual facts present in both crimes or particularly similar acts which would indicate the same person committed both crimes.' " *Id.* (quoting *State v. Moore*, 309 N.C. 102, 106, 305 S.E.2d 542, 545 (1983)). Similarly, evidence of another

crime is admissible to prove a common plan or scheme to commit the offense charged. But, the two acts must be sufficiently similar as to logically establish a common plan or scheme to commit the offense charged, not merely to show the defendant's character or propensity to commit a like crime. *State v. Hamrick*, 81 N.C. App. 508, 344 S.E.2d 316 (1986).

The showing required to admit the evidence under the exception for motive is somewhat different. For motive, the prior act must " 'pertain[] to the chain of events explaining the context, motive and set-up of the crime' and 'form[] an integral and natural part of an account of the crime . . . necessary to complete the story of the crime for the jury.' " *State v. White*, 349 N.C. 535, 552, 508 S.E.2d 253, 264 (1998), *cert. denied*, 527 U.S. 1026, 144 L.Ed.2d 779 (1999) (citations omitted). In each case, "the burden is on the defendant to show that there was no proper purpose for which the evidence could be admitted." *State v. Moseley*, 338 N.C. 1, 32, 449 S.E.2d 412, 431 (1994), *cert. denied*, 514 U.S. 1091, 131 L.Ed.2d 738 (1995).

Here, any similarity between the 21 October 1997 robbery in Guilford County and the current charge was so slight as to be virtually non-existent. The only commonality between the two crimes is that the perpetrator of each robbed a stranger and used force to commit the robbery. There was no evidence as to the manner in which the Guilford County robbery was carried out, thus, there was no showing of similar circumstances sufficient to render evidence of the Guilford County robbery relevant to show either defendant's identity as the perpetrator of the robbery at issue in this case or the existence of a common plan or scheme. Likewise, there was insufficient evidence to render the evidence of the Guilford County robbery relevant to show defendant's motive to commit the crime at issue here. The only relevance of the evidence with respect to the 21 October 1997 Guilford County robbery was to show the character of defendant to commit common law robbery, a purpose forbidden by Rule 404(b). The admission of the evidence was error.

Our Supreme Court has cautioned that:

"[p]roof that a defendant has been guilty of another crime equally heinous prompts to a ready acceptance of and belief in the prosecution's theory that he is guilty of the crime charged. Its effect is to predispose the mind of the juror to believe the prisoner is guilty, and thus effectually to strip him of the presumption of innocence."

*State v. Jones*, 322 N.C. 585, 589, 369 S.E.2d 822, 824 (1988) (quoting *State v. McClain*, 240 N.C. 171, 174, 81 S.E.2d 364, 366 (1954)). The evidence of defendant's identity as the perpetrator of the robbery of Michael Stone, though sufficient to support his conviction, was not so overwhelming as to be conclusive. Thus, there is a reasonable possibility that had the evidence of defendant's conviction of common law robbery occurring in Guilford County on 21 October 1997 been excluded, a different result may have been reached in defendant's trial. Therefore, we are required to grant him a new trial. N.C. Gen. Stat. § 15A-1443(a). In view of our decision, we decline to discuss defendant's remaining assignments of error as we deem them either without merit or unlikely to recur at a new trial.

New trial.

Judges TIMMONS-GOODSON and HORTON concur.