STATE OF NORTH CAROLINA v. ALFRED WILLIAMS

No. COA01-1516

(Filed 18 March 2003)

**Evidence— prior drug offense—no similarity—prejudicial**

Testimony about an alleged prior drug sale should not have been admitted in a prosecution for cocaine possession where there was no similarity between the two offenses and the only relevance of the testimony was to illustrate defendant's predisposition to drug violations. The testimony was prejudicial because the evidence of possession was not conclusive.

Appeal by defendant from judgment entered 10 May 2001 by Judge Loto G. Caviness in Henderson County Superior Court. Originally scheduled to be heard in the Court of Appeals on 17 September 2002. Reassigned to this panel by order dated 16 January 2003 of Chief Judge of the North Carolina Court of Appeals.

*Attorney General Roy Cooper, by Assistant Attorney General Frank G. Swindell, Jr., for the State.*

*James L. Goldsmith, Jr., for defendant appellant.*

TIMMONS-GOODSON, Judge.

Alfred Williams ("defendant") appeals from his conviction of felony possession of cocaine. For the reasons discussed herein, we hold that defendant is entitled to a new trial.

The State's evidence at trial tended to show the following: On 14 August 2000, Officer Joshua Howard ("Officer Howard") was patrolling the Green Meadows area of Henderson County. While on patrol, Officer Howard observed Mr. Coleman ("Coleman") operating a vehicle and defendant riding on the passenger side. Coleman stopped the vehicle in front of a house, defendant got out of the vehicle, entered the residence, and Coleman continued to drive. Officer Howard testified that he was familiar with the residence due to "numerous drug arrest[s]" conducted in and around the property. After defendant got out of the vehicle, Officer Howard followed Coleman as he drove "around the block," and then returned to retrieve defendant. Officer Howard considered the actions of Coleman and defendant "extremely suspicious" and therefore

he continued to follow Coleman. Officer Howard testified that Coleman's vehicle did not possess a license plate and he waited until he reached a "safe location" before stopping Coleman for a traffic violation. Upon making the traffic stop, Officer Howard learned that Coleman did not have a driver's license; had several vehicle registration violations; and a protective pat down of Coleman revealed that he was in possession of a hypodermic needle. Coleman was placed under arrest.

After placing Coleman under arrest, Officer Howard instructed defendant to exit the vehicle. A protective pat down of defendant yielded no contraband or weapons, but Officer Howard noticed a "blob of tissue paper that really stuck out" on the "passenger side front door," which was "real wet." According to testimony from Officer Howard, he "felt [the tissue] was something suspicious" and he confiscated "the tissue" for further analysis, but did not arrest defendant. Officer Howard described the front interior of Coleman's vehicle as "not at all clean," contained "drinks and things," and it "appeared [as if] somebody [had gone] to a fast food restaurant."

Upon returning to the police station, Officer Howard noticed that "the wet tissue" had what he "felt was saliva on" it as if "it had been in someone's mouth." Subsequently, Officer Howard sent the "tissue paper" to the State Bureau of Investigation ("SBI") for testing. The test results revealed that the "tissue" contained ".1 gram of cocaine base." As a result, an arrest warrant was issued for defendant, and he was subsequently charged with possession of cocaine.

At trial, the State offered testimony, pursuant to North Carolina General Statutes § 8C-1, Rule 404(b), from Melody Harding Lamontaine ("Lamontaine"), an inmate in the custody of the Sheriff's Department. According to Lamontaine, on 22 April 2000, approximately four months prior to defendant's arrest, she was acting as an informant for Agent John Pace ("Agent Pace"). Lamontaine testified that she was assisting Agent Pace in gathering information on individuals engaged in selling illegal narcotics. At the direction of Agent Pace, Lamontaine contacted defendant by telephone and initiated a meeting to purchase drugs from him. Lamontaine testified that she met defendant in a parking lot, where he was sitting on the passenger side of a vehicle driven by a female. During the meeting, defendant took out a "black pill container" with a "lid on it" and sold Lamontaine "five rocks of cocaine." After making the purchase, Lamontaine returned to Agent Pace and gave him the "five rocks of cocaine."

At trial, Agent Pace testified on behalf of the State to corroborate the testimony given by Lamontaine. Agent Pace testified that on 22 April 2000 he was employed with Alcohol and Law Enforcement. He further testified that he witnessed Lamontaine enter a vehicle with defendant, exit that same vehicle, and then return to him with "five white colored rocks," which he then gave to Officer Lyle Case of the Hendersonville Police Department. The "five white colored rocks" were sent to SBI where they were determined to be cocaine. According to Agent Pace, defendant was never charged with or indicted for a crime in connection with the 22 April 2000 incident with Lamontaine.

After the jury found defendant guilty of felony possession of cocaine, defendant admitted his status as a habitual felon. Defendant was sentenced to an active term of imprisonment for a minimum period of 107 to a maximum period of 138 months. From this conviction and resulting sentence, defendant appeals.

---

In his sole issue for review, defendant argues that the trial court erred in admitting testimony from Lamontaine under North Carolina General Statutes § 8C-1, Rule 404(b). Defendant contends that testimony of his alleged prior drug sale in order to show motive and intent to possess cocaine was inadmissible. We conclude that the admission of testimony from Lamontaine was prejudicial error requiring that defendant be granted a new trial.

Rule 404(b) of the North Carolina Rules of Evidence provides in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001). "We have held that Rule 404(b) is a rule of inclusion, subject to the single exception that such evidence must be excluded if its *only* probative value is to show that defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Berry*, 356 N.C. 490, 505, 573 S.E.2d 132, 143 (2002); *see State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). In drug cases, evidence of other drug violations is often admissible to prove many of the purposes under Rule

404(b). *State v. Montford*, 137 N.C. App. 495, 501, 529 S.E.2d 247, *cert. denied*, 353 N.C. 275, 546 S.E.2d 386 (2000). In order to admit evidence under the exception for motive, the prior act must " 'pertain[] to the chain of events explaining the context, motive and set-up of the crime' and 'form[] an integral and natural part of an account of the crime . . . necessary to complete the story of the crime for the jury.' " *State v. White*, 349 N.C. 535, 552, 508 S.E.2d 253, 264 (1998) (quoting *State v. Agee*, 326 N.C. 542, 548, 391 S.E.2d 171, 174-75 (1990)), *cert. denied*, 527 U.S. 1026, 144 L. Ed. 2d 779 (1999). "In each case, 'the burden is on the defendant to show that there was no proper purpose for which the evidence could be admitted.' " *State v. Willis*, 136 N.C. App. 820, 823, 526 S.E.2d 191, 193 (2000) (quoting *State v. Moseley*, 338 N.C. 1, 32, 449 S.E.2d 412, 431 (1994)).

In *Willis*, over the defendant's objection, the trial court admitted evidence of the defendant's previous conviction of common law robbery to show his identity, *modus operandi*, motive, and the existence of a common plan or scheme. *Id.* at 822, 526 S.E.2d at 193. This Court concluded that the similarity between the past robbery and the robbery for which defendant was charged was nearly non-existent, because there was no evidence concerning the manner in which the previous robbery was carried out. *Id.* at 823, 526 S.E.2d at 193-94. This Court further concluded that the admission of the prior common law robbery conviction was prejudicial error in that it only went to show the defendant's character to commit common law robbery. *Id.*

In the case at bar, the testimony provided by Lamontaine detailed an alleged drug transaction which took place four months prior to defendant's arrest for possession of cocaine. However, the similarity between the alleged drug sale to Lamontaine and the crime for which defendant is charged in this case is non-existent. The manner in which the alleged 22 April 2000 transaction was carried out was in no way similar to the matter before this Court.

Testimony from Lamontaine revealed the following: (1) on one occasion she met defendant who was the passenger in a vehicle operated by a female; (2) defendant produced a "black pill container;" and (3) gave her "five rocks of cocaine" in exchange for a sum of money. However, testimony from Officer Howard reveals that in the case before this Court (1) defendant was the passenger in a car driven by a male; (2) defendant went into a residence and then returned to the vehicle; (3) defendant possessed no drugs or weapons at the time he was stopped by Officer Howard; (4) during the traffic stop, defendant was in close proximity to a "piece of tissue," which tested positive

for cocaine. The only commonality between the alleged crime described by Lamontaine and the matter in this case is that both incidents involved defendant riding as a passenger in a vehicle. The testimony from Lamontaine failed to show that the alleged 22 April 2000 sale of drugs by defendant was relevant to show defendant's motive and intent to commit the crime at issue here. The only relevance of the testimony from Lamontaine was to illustrate defendant's predisposition toward drug violations, which is a purpose forbidden by Rule 404(b). Therefore, the admission of testimony from Lamontaine was erroroneous.

In the present case, the evidence supporting defendant's possession of cocaine while perhaps sufficient to support a conviction on a theory of constructive possession was not conclusive. The "wet tissue" containing the small quantity of cocaine was located in the passenger side door of a vehicle owned by Coleman. The evidence at trial described the state of the vehicle's interior as "not at all clean" and cluttered with "fast food" items. Thus, there is a reasonable possibility that had Lamontaine's testimony not been allowed, a different result may have been reached in defendant's trial. We hold that the admission of Lamontaine's testimony was prejudicial to the right of defendant to a fair trial.

New trial.

Judges WYNN and ELMORE concur.