STATE OF NORTH CAROLINA v. DONNIE SCOTT CARPENTER

No. COA05-915

(Filed 1 August 2006)

**1. Search and Seizure— warrantless search—motion to suppress drugs**

The trial court did not err in a possession with intent to sell and deliver cocaine and possession with intent to sell and deliver marijuana case by denying defendant's motion to suppress the drugs found on his person after the car he was riding in as a passenger was stopped, because: (1) although defendant contends

STATE v. CARPENTER

[179 N.C. App. 79 (2006)]

the trial court did not hold a hearing to consider his motion to suppress, the record reflects a hearing was held on 21 February 2005 and that the trial court entered a detailed order containing findings of fact and conclusions of law; (2) the officer properly stopped the motor vehicle for traveling left of the center line; (3) when an officer detects the smell of marijuana emanating from a vehicle, the officer has probable cause for a warrantless search of the vehicle for drugs; (4) where there are reasonable grounds to order an occupant out of the car, then he may be subjected to a limited search for weapons when the facts available to the officer justify the belief that such an action is appropriate; (5) the officer felt the canister containing crack cocaine in the course of patting down defendant for weapons after making a valid stop and smelling a strong odor of marijuana; and (6) based on his experience, the officer believed the rattling canister contained contraband, defendant was placed under arrest upon the discovery that the canister contained what appeared to be crack cocaine, and an officer may search the individual incident to the arrest whereupon he found a bag of marijuana in defendant's shoe.

2. **Evidence— prior crimes or bad acts—prior drug sale— intent**

The trial court did not err in a possession with intent to sell and deliver cocaine case by permitting evidence of defendant's prior drug sale under N.C.G.S. § 8C-1, Rules 403 and 404(b), because: (1) in 1996 defendant sold .82 grams of cocaine in a rock-like form to an undercover agent, the average dosage unit of crack cocaine was from .05 grams to .12 grams per rock of cocaine, and in this case defendant had 12 rocks of crack cocaine weighing 1.6 grams; (2) in both the 1996 and 2004 cases, the rocks of crack cocaine were not individually packaged; (3) the trial court reasonably concluded that the circumstances of defendant's prior conviction were substantially similar to the current charges and that the evidence was admissible under Rule 404(b) for the limited purpose of showing defendant's intent and not to prove defendant's character or that he acted in conformity therewith on the date of the alleged offense; and (4) evidence of other drug violations may be admitted to show a specific intent or mental state.

Judge ELMORE dissenting.

**STATE v. CARPENTER**

[179 N.C. App. 79 (2006)]

Appeal by defendant from judgment entered 21 April 2005 by Judge Timothy S. Kincaid in Lincoln County Superior Court. Heard in the Court of Appeals 22 February 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Douglas A. Johnston, for the State.*

*M. Victoria Jayne, for defendant-appellant.*

STEELMAN, Judge.

Defendant was indicted for the felonies of possession with intent to sell and deliver cocaine and possession with intent to sell and deliver marijuana. Defendant was found guilty by a jury of both charges. The convictions were consolidated for sentencing and defendant received an active sentence of 11 to 14 months imprisonment. Defendant appeals. For the reasons set forth in this opinion, we find no error in defendant's trial.

Evidence presented at trial tended to show that on 11 March 2004, defendant was a passenger in a motor vehicle. Officer Harris of the Lincolnton Police Department stopped the vehicle for traveling left of the center line. As he approached the vehicle, he saw smoke emanating from the passenger compartment of the vehicle and smelled the odor of marijuana. After patting down the driver, defendant was removed from the vehicle and was searched. During his search of the defendant, the officer found a small cylindrical object in the pocket of the defendant's shirt. The container held ten to twelve rocks of crack cocaine. The officer placed the defendant under arrest and continued to search him. When the defendant removed his shoes, Officer Harris found two bags of marijuana. None of the other occupants of the vehicle possessed any weapons or contraband.

[1] In his first argument, defendant contends that the trial court erred in denying his motion to suppress the drugs found on his person. He contends that no hearing was held on the motion and he asserts that the motion should have been granted because the evidence was obtained through an illegal search. We disagree.

Although defendant argues that the trial court did not hold a hearing to consider his motion to suppress, the record clearly reflects that a hearing was held on 21 February 2005 and that the trial court entered a detailed order containing findings of fact and conclusions of law.

Defendant fails to assign as error any of the findings of fact made by the trial court. As a result these findings are binding on appeal and our review is limited to whether the findings of fact support the trial court's conclusions of law. *State v. Allison*, 148 N.C. App. 702, 704, 559 S.E.2d 828, 829-30 (2002); *State v. Durham*, 74 N.C. App. 121, 123, 327 S.E.2d 312, 314 (1985).

The trial court found the following relevant facts:

When the officer arrived at the vehicle, he smelled a pungent and strong odor of marijuana coming from the vehicle. He could see smoking coming from the vehicle and the inside of the vehicle had a haze to it.

The defendant was then removed from the vehicle and patted down for weapons as well as to find the source of the marijuana odor.

During the pat down the officer felt a small cylindrical object, reportedly plastic in nature, about the size of a tube of lip balm or chapstick. This particular item rattled during the pat down.

The officer subsequently removed the container from the defendant, opened the same, and found ten to twelve rocks of crack cocaine.

He placed the defendant under arrest and continued to search the defendant. In removing the defendant's shoes or boots, whichever he happened to be wearing, two small bags of a green vegetable substance was found, which appears to have been marijuana.

The trial court concluded that pursuant to *Maryland v. Wilson*, 519 U.S. 408, 137 L. Ed. 2d 41 (1997), Officer Harris had the right to remove the passengers of the vehicle without that constituting a search under the Fourth Amendment to the United States Constitution. The trial court further concluded that under *Minnesota v. Dickerson*, 508 U.S. 366, 124 L. Ed. 2d 334 (1993), Officer Harris had a reasonable, articulable suspicion that the container he felt did in fact contain drugs.

Officer Harris properly stopped the motor vehicle for traveling left of the center line. *State v. Jones*, 96 N.C. App. 389, 395, 386 S.E.2d 217, 221 (1989) *appeal dismissed* 326 N.C. 366, 389 S.E.2d 809 (1990). When an officer detects the smell of marijuana emanating from a vehicle, the officer has probable cause for a warrantless search of the

vehicle for drugs. *State v. Greenwood,* 301 N.C. 705, 708, 273 S.E.2d 438, 441 (1981), *State v. Corpening,* 109 N.C. App. 586, 589, 427 S.E.2d 892, 894-95 (1993). An officer may be justified in conducting a warrantless search of an individual based on an odor of marijuana emanating from that person. *State v. Yates,* 162 N.C. App. 118, 123, 589 S.E.2d 902, 905 (2004). In addition: "When there are reasonable grounds to order an occupant out of the car, then he may be subjected to a limited search for weapons when the facts available to the officer justify the belief that such an action is appropriate." *State v. Collins,* 38 N.C. App. 617, 619, 248 S.E.2d 405, 407 (1978).

In the instant case, Officer Harris felt the canister containing crack cocaine in the course of patting down defendant for weapons after making a valid stop and smelling a strong odor of marijuana. Based on his experience as a law enforcement officer, Officer Harris believed that the canister, which rattled, might contain contraband. Upon discovering the canister contained what appeared to be crack cocaine, Officer Harris placed defendant under arrest. Once an individual is lawfully arrested, an officer may search the individual incident to the arrest. *State v. Roberts,* 276 N.C. 98, 102-03, 171 S.E.2d 440, 443 (1970). During this search, the officer may take any property that the person has that is connected with the crime or that might be required as evidence of the crime. *Id.* "If such article is otherwise competent, it may properly be introduced in evidence by the State." *Id.* (citing *State v. Tippett,* 270 N.C. 588, 155 S.E.2d 269 (1967)). In the present case, Officer Harris continued to search the defendant incident to his arrest and found the bag of marijuana in the defendant's shoe.

We hold that the trial court's findings support its conclusions of law, and that the trial court properly denied defendant's motion to suppress. This argument is without merit.

[2] In his second argument, the defendant contends that the trial court erred in permitting evidence of his prior drug sale under the North Carolina Rules of Evidence 403 and 404(b) to be presented to the jury. He argues that the evidence of a prior drug sale was presented solely to show his propensity to commit a crime and that the probative value of the evidence did not outweigh its prejudicial effect. We disagree.

Prior to the admission of this evidence, the court conducted a *voir dire* hearing, outside the presence of the jury. At the conclusion of the hearing, the court made findings of fact and conclusions of law

in support of its ruling that the evidence was admissible under Rule 404(b) for the limited purpose of showing the intent of the defendant. Again, defendant does not assign as error any of the trial court's findings of fact, and they are binding on appeal. Our review is thus limited to whether these findings support the trial court's conclusions of law. *See Allison,* 148 N.C. App. at 704, 559 S.E.2d at 829-30.

The trial court found that on 12 September 1996, defendant sold .82 grams of cocaine in rock-like form to an undercover agent. Defendant subsequently pled guilty to possession with intent to sell and deliver cocaine. The average dosage unit of crack cocaine was from .05 grams to .12 grams per rock of cocaine. In the instant case, defendant had 12 rocks of crack cocaine weighing 1.6 grams. In both the 1996 and the 2004 cases, the rocks of crack cocaine were not individually packaged.

Rule 404(b) is a rule of inclusion rather than a rule of exclusion. *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). The prevailing test for determining the admissibility of evidence of prior conduct is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C. Gen. Stat. § 8C-1, Rule 403. *State v. Boyd,* 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). "The determination of similarity and remoteness is made on a case-by-case basis, and the required degree of similarity is that which results in the jury's 'reasonable inference' that the defendant committed both the prior and present acts." *State v. Stevenson,* 169 N.C. App. 797, 800, 611 S.E.2d 206, 209 (2005) (*quoting State v. Stager,* 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991)). "The decision to admit or exclude evidence is a matter addressed to the sound discretion of the trial court which will not be disturbed absent an abuse of discretion and 'only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.'" *State v. Smith,* 99 N.C. App. 67, 71, 392 S.E.2d 642, 645 (1990).

The trial court reasonably concluded that the circumstances of the defendant's prior conviction were substantially similar to the current charges and that the evidence was admissible under Rule 404(b) for the limited purpose of showing the intent of the defendant. In its charge to the jury, the trial court instructed the jury that, "this evidence was offered solely for the purpose of showing that the defendant had the intent which is a necessary element of the crime of possessing cocaine with the intent to sell or deliver." The jury was further

instructed that the evidence of the 1996 sale could only be considered for that limited purpose and could not be considered "to prove the character of the defendant or that he acted in conformity therewith on the date of the alleged offense."

"Evidence of other drug violations is not admissible if its only relevance is to show disposition to deal in illicit drugs." *State v. Rozier*, 69 N.C. App. 38, 56, 316 S.E.2d 893, 904 (1984). However, evidence of other drug violations may be admitted to show a specific intent or mental state. *Id.*; *State v. Montford*, 137 N.C. App. 495, 501, 529 S.E.2d 247, 252 (2000).

After careful review, we cannot discern that the trial court abused its discretion in admitting this evidence under Rule 404(b) for the limited purpose of showing the defendant's intent. This argument is without merit.

NO ERROR

Judge JACKSON concurs.

Judge Elmore dissents in a separate opinion.

ELMORE, Judge concurring in part, dissenting in part.

I agree with the majority that the officer's search of defendant was lawful and therefore the evidence of that search was properly admitted. And while it is unlikely to be more than a single stone cast against a wave of increasing precedent, I still must disagree with the Court's assessment that defendant's previous criminal activity was admissible under Rule 404(b).

The Court holds that the trial court did not err in admitting evidence of defendant's previous sale of cocaine to an undercover officer in his trial for possession with intent to sell cocaine. Undoubtedly, this is in part due to the fact that for longer than this defendant has been alive our appellate courts have sanctioned the admissibility of evidence of prior drug related offenses in trials for a drug related offense. *See State v. Montford*, 137 N.C. App. 495, 501, 529 S.E.2d 247, 252 (stating, "in drug cases, evidence of other drug violations is often admissible to prove many of [Rule 404(b)'s] purposes.") (citing *State v. Richardson*, 36 N.C. App. 373, 375, 243 S.E.2d 918, 919 (1978)), *cert. denied*, 353 N.C. 275, 546 S.E.2d 386 (2000). In addition, it could be due to the fact that evidence of a prior drug crime, being relevant in

almost any drug related offense where intent is an element, is admissible "subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). Yet neither of these concessions are the least bit alarming when appropriately balanced against the trial court's fundamental decision in assessing how much of a defendant's criminal history comes in to prove an element of the current offense.

At the very least, a test of similarity and temporal proximity must be satisfied before a defendant will face the *evidence* of his prior bad acts in front of the jury.

> Where evidence of prior conduct is relevant to an issue other than the defendant's propensity to commit the charged offense, 'the ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403.'

*State v. Stevenson*, 169 N.C. App. 797, 800, 611 S.E.2d 206, 209 (2005) (quoting *State v. Boyd*, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988)). Aspects of defendant's past conduct should only be admitted if the criminal activity defendant is currently on trial for is sufficiently similar to previous activity conducted in the not too distant past and the information would aid the jury in determining defendant's intent in the current crime. *Compare Stevenson*, 169 N.C. App. at 800-01, 611 S.E.2d at 209-10 (admitting cocaine evidence meeting these two requirements), *with State v. Williams*, 156 N.C. App. 661, 577 S.E.2d 143 (2003) (reversing trial court's admission of prior cocaine sales under 404(b) when it was dissimilar to circumstances of current drug charge). Neither the similarities nor the judgment of temporal proximity satisfy me in this case.

Here, defendant was on trial for possessing cocaine with an intent to sell. On the night of his arrest, defendant was a passenger in a car pulled over in a routine traffic stop. In addition to the traffic offense, the officer saw smoke coming from the car and smelled marijuana. A pat down search of all individuals in the car led to discovery of ten to twelve rocks of cocaine totaling 1.6 grams in a small cylinder in defendant's possession. The rocks were not individually packaged. To the extent the State found it necessary to show that 1.6 grams is generally indicative of "intent to sale" versus "intent to per-

sonally use," it could have done so without using defendant's prior crime. It chose not to, however, since seven years prior to this incident, defendant pled guilty to selling 0.82 grams of cocaine in the form of several small rocks to an undercover officer during a hand-to-hand exchange.

The State argues, and the trial court found, that since the cocaine in each instance was 1) not individually packaged and 2) of similar amounts—the amount previously sold was 0.82 grams and the amount on trial for intent to sale is 1.6 grams—exceeding a normal dose, then the prior crime was sufficiently similar. Even though the circumstances of the previous offense do not have to be bizarre or unique, there must nonetheless be "some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both." *State v. Stager*, 329 N.C. 278, 304, 406 S.E.2d 876, 890-91 (1991) (internal quotations omitted). Pursuant to Rules of Evidence 404(b) and 403, a current drug crime cannot be "unusually" or "particularly" similar to a previous one simply because the amount of cocaine involved in each is "large." Indeed, the actual amounts of cocaine here are not even close, not to mention the stark dissimilarity in the discovery of the "large" amounts. In addition, the previous crime was seven years prior to the current one; and, at that length of time, the similarities between the two criminal acts should be relatively strong.

Had defendant attempted to sell drugs to an undercover officer, been witnessed potentially selling drugs to another individual, or had closer to 0.82 grams of cocaine on him, the probative value of the prior crime greatly increases. But as it stands now, the only common denominator between the two crimes is that defendant previously sold cocaine and is now charged with selling cocaine. The logical conclusion from that evidence, that defendant has a propensity to sell cocaine, deprives him of a fair trial.

I would hold that the trial court abused its discretion by allowing in substantial evidence of defendant's prior crime for selling cocaine when the similarities between the crimes were few and the temporal proximity insufficient. Given that this was the State's strongest piece of evidence suggesting intent to sell, I would find the error prejudicial and remand for a new trial.