STATE v. SIMMONS

[191 N.C. App. 224 (2008)]

━━━━━━━━━

STATE OF NORTH CAROLINA v. TROY DAVID SIMMONS, Defendant

No. COA07-1131

(Filed 1 July 2008)

**1. Criminal Law— victim's outburst—denial of mistrial— curative instruction**

　　The trial court did not abuse its discretion in a first-degree sex offense, first-degree kidnapping, and first-degree burglary case by failing to declare a mistrial based on the victim's outburst

during her testimony at trial given the rapidity with which the trial court removed the jury and gave it a curative instruction.

**2. Appeal and Error— preservation of issues—failure to argue—failure to cite authority**

Although defendant contends the trial court abused its discretion in a first-degree sex offense, first-degree kidnapping, and first-degree burglary case by failing to declare a mistrial based on testimony of two SBI agents who blurted out that defendant was incarcerated in the presence of the jury, this assignment of error is dismissed because defendant failed to demonstrate by specific argument or authority that the testimony was highly prejudicial and deprived him of a trial by an impartial jury.

**3. Constitutional Law— effective assistance of counsel—failure to object**

Defendant did not receive ineffective assistance of counsel in a first-degree sex offense, first-degree kidnapping, and first-degree burglary case based on his trial counsel's failure to object to the admission of a witness's testimony as to the general reactions and characteristics of sexual assault victims because: (1) defendant failed to show trial counsel's failure to object fell below a standard of reasonableness; and (2) defendant failed to show there was a reasonable probability that the trial result would have been different absent the alleged error.

**4. Evidence— prior crimes or bad acts—multiple sexual assaults**

The trial court did not commit plain error in a first-degree sex offense, first-degree kidnapping, and first-degree burglary case by admitting under N.C.G.S. § 8C-1, Rule 404(b) testimony of three prosecution witnesses stating that they were also sexually assaulted by defendant because the incidents were sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403 including that: (1) each of the witnesses testified that the alleged assault against her took place within one year of the attack on the victim; (2) each woman testified that defendant used substantially the same method of restraining her during the attack by employing his greater size and strength, limiting her breathing, and making dire threats against her; and (3) defendant called each woman after the attack.

**5. Kidnapping— first-degree—sufficiency of evidence—separate confinement, restraint, or removal beyond rape**

The trial court erred by denying defendant's motion to dismiss the charge of first-degree kidnapping, and the conviction is vacated based on insufficient evidence showing a separate asportation of a victim during the commission of the separate felony offense of rape, because: (1) defendant raped the victim in the guest bedroom; and (2) there was no evidence of confinement, restraint, or removal other that than that which was inherent to the offense of rape itself.

**6. Sentencing— consolidated—conviction vacated**

A first-degree sex offense, first-degree kidnapping, and first-degree burglary case is remanded for resentencing because: (1) the trial court consolidated defendant's sexual offense and kidnapping charges for sentencing, and defendant's kidnapping conviction was vacated; and (2) it was probable that defendant's conviction for two or more offenses adversely influenced the trial court's judgment on the length of the sentence to be imposed when the offenses were consolidated for judgment.

Appeal by defendant from judgments entered 9 May 2007 by Judge Kenneth F. Crow in New Hannover County Superior Court. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Kelly L. Sandling, for the State.*

*Paul F. Herzog, for defendant.*

ELMORE, Judge.

On 11 May 2002, P.F. went to a club with Isaac "Bud" Sparrow and other friends. She stayed later than they, and at the end of the night, around 1:30 a.m., she took a cab to Sparrow's home. When P.F. retrieved the key from under a doormat and opened the door, Sparrow's dog greeted her by bounding outside. P.F. grabbed the dog and forced her back into the house, closing the door behind her. In the commotion, she neglected to take the key out of the lock.

P.F. then retired to the guest bedroom, where she fell asleep fully dressed. She heard a noise and checked the bedroom door. Discovering no one outside, she returned to bed and dozed off once again. After an indeterminate amount of time, however, she saw a

light and observed the doorknob to the bedroom turning. P.F. called out for the dog, but an unknown man jumped on top of her, pinning her to the bed.

P.F.'s assailant held a knife to her throat and cut off her air supply by covering her mouth and nose with his hand. He repeatedly threatened to kill her if she did not cooperate. He removed a condom from his pocket, but was unable to get it on because his hands were occupied with restraining P.F. Rather than engage in coitus, he instead forced himself into P.F.'s mouth and ejaculated.

P.F. engaged the man in conversation, and when he asked for her phone number she informed him that she was in the telephone directory. After a brief discussion, the assailant zipped up his pants and exited the room.

P.F. waited a few minutes before going to Sparrow's room, where she slept inside next to the locked door. She was too ashamed to wake him or call the police, and left before Sparrow awoke the next morning. Although she did not plan to file a formal report with the police, she chose to do so after Sparrow found a piece of the condom wrapper. Defendant called P.F. about four times after the attack, beginning the day after it occurred.

Defendant was eventually indicted on 5 September 2006 for one count of first degree sex offense, one count of first degree kidnapping, and one count of first degree burglary. A jury found him guilty of all counts on 8 May 2007, and on 9 May 2007, the trial court entered judgment against him. The trial court consolidated defendant's convictions for the first degree sex offense and kidnapping offense, sentencing defendant to 421 months' to 513 months' imprisonment, and sentenced defendant to 129 months' to 164 months' imprisonment for the first degree burglary offense, with the sentences to run consecutively. Defendant now appeals.

[1] In his first argument on appeal, defendant claims that the trial court erred in failing to declare a mistrial based on P.F.'s outburst during her testimony at trial. We find no error.

Our standard of review when examining a trial court's denial of a motion for mistrial is abuse of discretion. *State v. Allen*, 141 N.C. App. 610, 617, 541 S.E.2d 490, 496 (2000). It is clear that P.F.'s outburst, alone, does not necessarily entitle defendant to a mistrial: "N.C. Gen. Stat. § 15A-1061 provides in part that the judge may declare a mistrial if conduct inside or outside the courtroom results in substantial or

irreparable prejudice to the defendant's case. Not every disruptive event which occurs during trial automatically requires the court to declare a mistrial." *Id.*

In this case, P.F. suffered an "emotional breakdown" while on the stand. She began to cry while testifying and screamed, "How dare you do that to me! How dare you! How dare you put me through this, too, again!" The trial judge had the jury removed from the courtroom as P.F. continued her outburst, shouting, "I hate you, you son of a bitch!" When the jury returned, the trial judge instructed them, in part:

> I do need to give you what's called a limiting instruction or another cautionary instruction which is the fact that [P.F.] might have had an emotional breakdown here in the courtroom, it's not to reflect on her or this defendant in any way, not to base your decision on it. You are not to allow that to prejudice this defendant in any way. You are not to draw any conclusions from it. You are to base your decision at the end of this case on the evidence that's been presented but you are not to draw any prejudicial conclusions of this defendant [sic] because [P.F.] happened to have an emotional breakdown.

Given the rapidity with which the trial court removed the jury and gave it a curative instruction, we decline to hold that the trial court abused its discretion by refusing to grant a mistrial.

[2] In a similar argument, defendant avers that the trial court ought to have declared a mistrial based on the testimony of two State Bureau of Investigation (SBI) agents, who "blurted out" that defendant was incarcerated in the presence of the jury. Defendant goes so far as to suggest that the second agent's testimony was "probably a deliberate attempt to prejudice [defendant] in the eyes of the jury." We disagree. Although defendant makes the assertion that the testimony was "highly prejudicial, and deprived [him] of a trial by an impartial jury," he makes no attempt to demonstrate to this Court why that is so. Instead, he relies only upon the arguments that he made with respect to P.F.'s outbursts. In the absence of specific arguments and authority on this issue, we will not find that the SBI agents' testimony resulted "in substantial or irreparable prejudice to the defendant's case." *Allen,* 141 N.C. App. at 617, 541 S.E.2d at 496; *see also* N.C.R. App. P. 28(b)(6) (2007) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

**[3]** Defendant next argues that his trial counsel's failure to object to the admission of certain testimony constitutes ineffective assistance of counsel. The testimony at issue was from Amy Feath, director of the "Rape Crisis Center at the Coastal Horizon Center," who testified as to the general reactions and characteristics of sexual assault victims.[1]

> To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. . . . First, he must show that counsel's performance fell below an objective standard of reasonableness. . . . Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.

*State v. Langley,* 173 N.C. App. 194, 199-200, 618 S.E.2d 253, 257 (2005) (quoting *State v. Blakeney,* 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000)). In our view, defendant satisfies neither prong.

"Counsel is given wide latitude in matters of strategy, and the burden to show that counsel's performance fell short of the required standard is a heavy one for defendant to bear." *Id.* at 200, 618 S.E.2d at 257 (quoting *State v. Fletcher,* 354 N.C. 455, 482, 555 S.E.2d 534, 551 (2001)). Defendant's only argument regarding the first prong is that "[i]t should have been obvious to counsel of reasonable level of competence [sic] that almost all of the testimony given by Ms. Feath was irrelevant to whether [defendant] assaulted [P.F.], and, therefore, inadmissible." This is insufficient to convince this Court that trial counsel's failure to object fell below a standard of reasonableness.

Moreover, though defendant cites *Blakeney* and claims that the admission of the testimony constituted error "so serious that a reasonable probability exists that the trial result would have been different absent the error," *Blakeney,* 352 N.C. at 307-08, 531 S.E.2d at 815, he neglects entirely to establish why that is so. Accordingly, defendant also fails under the second prong of the test.

**[4]** Defendant next contends that the admission of testimony offered by three prosecution witnesses stating that they, too, were sexually assaulted by defendant constitutes plain error. We disagree.

---

1. We note the State's assertion that defendant did not properly preserve the issue of the admissibility of the testimony. Though we agree with the State that this issue was not preserved, we acknowledge that defendant's argument is not that the trial court erred by admitting the testimony; rather, defendant argues that his trial level counsel's failure to object to its admission constituted ineffective assistance of counsel.

We note that defendant failed to properly object to the admission of the testimony at issue. Accordingly, our review is limited to plain error. "In criminal cases, a question which was not preserved by objection noted at trial . . . may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2007). "Plain error is error 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.'" *State v. Leyva*, 181 N.C. App. 491, 499, 640 S.E.2d 394, 399 (2007) (quoting *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987)).

The first witness to whose testimony defendant objects testified that defendant attacked her in 2001 while serving as her supervisor at a naval medical hospital in Jacksonville. The second testified that she was married to defendant and that he raped her in 2002, after their separation. The last witness at issue testified that defendant attacked her outside of a club in 2002.

We note that the admission of all of the testimony at issue is governed by Rule 404(b) of our Rules of Evidence. Rule 404(b) states, in pertinent part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). "The prevailing test for determining the admissibility of evidence of prior conduct is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C. Gen. Stat. § 8C-1, Rule 403." *State v. Carpenter*, 179 N.C. App. 79, 84, 632 S.E.2d 538, 541 (2006) (citation omitted). "The determination of similarity and remoteness is made on a case-by-case basis," with the degree of similarity required being that which would lead the jury to the "reasonable inference that the defendant committed both the prior and present acts." *Id.* (quotations and citations omitted).

In this case, each of the witnesses testified that the alleged assault against her took place within one year of the attack on P.F., a fairly short time period. Additionally, each woman testified that

defendant used substantially the same method of restraining her during the attack, employing his greater size and strength, limiting her breathing, and making dire threats against her. Defendant also called each woman after the attack. In light of these similarities, we hold that admission of the witnesses' testimony was appropriate and that the trial court did not err.

[5] Finally, defendant argues that there was insufficient evidence against him on the kidnapping charge, and that the trial court therefore erred in refusing to dismiss it. We agree, and vacate defendant's kidnapping conviction.

"In ruling on a defendant's motion to dismiss, the trial court should consider if the state has presented substantial evidence on each element of the crime and substantial evidence that the defendant is the perpetrator." *State v. Replogle*, 181 N.C. App. 579, 580-81, 640 S.E.2d 757, 759 (2007) (quotations and citations omitted). Our statutes state:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . .
>
> > (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony . . . .

N.C. Gen. Stat. § 14-39(a) (2007). "The evidence should be viewed in the light most favorable to the state, with all conflicts resolved in the state's favor. . . . If substantial evidence exists supporting defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *Replogle*, 181 N.C. App. at 581, 640 S.E.2d at 759 (quotations and citations omitted) (alteration in original).

We note that our Supreme Court has recently set down additional requirements when dealing with cases involving kidnapping:

> [A] trial court, in determining whether a defendant's asportation of a victim during the commission of a separate felony offense constitutes kidnapping, must consider whether the asportation was an inherent part of the separate felony offense, that is,

whether the movement was "a mere technical asportation." If the asportation is a separate act independent of the originally committed criminal act, a trial court must consider additional factors such as whether the asportation facilitated the defendant's ability to commit a felony offense, or whether the asportation exposed the victim to a greater degree of danger than that which is inherent in the concurrently committed felony offense.

*State v. Ripley*, 360 N.C. 333, 340, 626 S.E.2d 289, 293-94 (2006). We find a recent decision of this Court, *State v. Cartwright*, 177 N.C. App. 531, 629 S.E.2d 318 (2006), to be particularly on point. In *Cartwright*, the defendant "began and concluded [his rape of the victim] in the den. Because the crime of rape occurred wholly in the den, we [found] that there was insufficient evidence of confinement, restraint, or removal. Accordingly, we vacate[d] the conviction of kidnapping." *Id.* at 537, 629 S.E.2d at 323. In this case, defendant raped P.F. wholly in the guest bedroom. There was no evidence of confinement, restraint, or removal, other than that which is inherent to the offense of rape itself. Accordingly, we vacate defendant's kidnapping conviction.

**[6]** We note that the trial court consolidated defendant's rape and sex offense charges. In accordance with our Supreme Court's instructions, we therefore remand this case for resentencing.

Since it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.

*State v. Mueller*, 184 N.C. App. 553, 562, 647 S.E.2d 440, 447-48 (quoting *State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987)).

No error in part and vacated and remanded for resentencing in part.

Judges HUNTER and STROUD concur.