STATE OF NORTH CAROLINA v. DANNY RAY HICKS

No. 8327SC1290

(Filed 2 October 1984)

**1. Arson § 2— sufficiency of indictment**

There was circumstantial evidence sufficient for the court to charge the jury that the defendant could be found guilty if he either "set fire or caused the burning" or "set fire to his dwelling or caused to be burned, his dwelling," where defendant had approached an acquaintance about burning his house and where defendant was within one and one-quarter miles of his residence at the time of the fire. Defendant's claim of prejudicial ambiguities in the indictment and jury charge is without merit. G.S. 14-65.

**2. Arson § 4.1— motion to dismiss—circumstantial evidence sufficient**

When the evidence is considered in the light most favorable to the State, and when defendant failed to offer any evidence tending to explain his attempted solicitation of another to burn his house or his absence from the place where he was staying at the time the fire started, there was sufficient evidence of defendant burning or procuring another to burn his dwelling in violation of G.S. 14-65 to submit the charge to the jury.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 8 August 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 18 September 1984.

Defendant was convicted of fraudulently setting fire to a dwelling house in violation of G.S. 14-65 and given a prison sentence. He appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Harris, Bumgardner and Carpenter, by Don H. Bumgardner, for defendant appellant.*

HILL, Judge.

Defendant first assigns as error the trial court's denial of his motion to compel the prosecution to elect what theory of criminal activity defendant engaged in to commit the crime. G.S. 14-65 sets forth alternative theories in proving guilt: (1) proof that the defendant did the burning or (2) proof that the defendant procured another to do the burning. Defendant contends that the denial of his motion to compel an election placed him at a disadvantage in knowing what specific evidence he must offer in his defense. For the reasons which follow, we find no error in this assignment.

[1] The evidence, essentially circumstantial, was such that the jury could find defendant guilty under the indictment which alleged that defendant "cause[d] to be burned" his dwelling and under G.S. 14-65. The evidence in such cases seldom establishes guilt directly; rather, the criminal agency of defendant is often proved by circumstantial evidence. In the present case, there was evidence pointing toward procuring the burning by another. An acquaintance testified that the defendant asked him if he would be interested in burning his house for $2,500.00. In fact, the defendant approached this acquaintance several times about burning his house. This occurred about a week before the fire. However, the acquaintance denied any interest in burning defendant's house, and at the time of the fire the defendant was within one and one-quarter miles of his residence. Defendant failed to explain to the satisfaction of the jury the conversation with the acquaintance and his absence from home at the time of the fire. This circumstantial evidence is sufficient for the court to charge the jury that the defendant could be found guilty if he either "set fire or caused the burning" or "set fire to his dwelling or caused to be burned, his dwelling," and defendant's claim of prejudicial ambiguities in the indictment and jury charge is without merit.

[2] Defendant next assigns as error the trial court's denial of his motion to dismiss at the close of all the evidence. Defendant contends that the evidence was insufficient to allow its submission to the jury, asserting that the evidence falls short of what was required in *State v. Tew*, 62 N.C. App. 190, 302 S.E. 2d 633, *disc. rev. denied*, 309 N.C. 464, 307 S.E. 2d 370 (1983). The present case is distinguishable from *Tew* in that the State had failed to place

the defendant at or near the scene of the crime at a time when the fire could have been set. Here, the defendant was within one and one-quarter miles from the scene at a time before the fire was detected—during which time he could easily have reached the scene.

Likewise, defendant's reliance on the cases of *State v. Blizzard*, 280 N.C. 11, 184 S.E. 2d 851 (1971), and *State v. Needham*, 235 N.C. 555, 71 S.E. 2d 29 (1952), is misplaced. The ruling in each of those cases was founded on the fact that the State's circumstantial evidence was insufficient because in each case the defendant had offered evidence tending to show that the circumstances were consistent with his version of the incident. That is, the defendant was able to explain the circumstances in a way that was logical and consistent with his innocence. In the present case, defendant failed to offer any evidence tending to explain his attempted solicitation of another to burn his house, or his absence from the place where he was staying at the time the fire started in any way that pointed towards his innocence.

In determining whether the evidence is sufficient to carry a case to the jury, the general rule is that if there is any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. *State v. King*, 264 N.C. 578, 142 S.E. 2d 130 (1965). In the present case, when the evidence is considered in the light most favorable to the State as it should be on a motion to dismiss, *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979), it appears there was sufficient evidence of defendant burning or procuring another to burn his dwelling in violation of G.S. 14-65 to submit the charge to the jury.

We have examined defendant's remaining assignments of error and find no merit in them. Defendant received a fair trial free of prejudicial error.

No error.

Judges ARNOLD and WELLS concur.