STATE OF NORTH CAROLINA v. KENNETH BRADLEY ENGLISH

No. 8818SC1230

(Filed 19 September 1989)

1. **Arson § 4.1— first degree arson—sufficiency of evidence**

The State presented sufficient evidence that defendant caused a fire and that the fire was willfully set to support defendant's conviction of first degree arson where the State's evidence tended to show that defendant had a history of mental illness; he was seen entering the home he shared with his mother and grandmother; thirty minutes later the home was observed to be on fire; at the time of the fire, the home was occupied by defendant's grandmother; the fire originated on defendant's bed; defendant remained at the scene but did not render aid and was seen laughing; the fire was of incendiary origin; and during the prior evening defendant quarreled with his mother and became agitated.

2. **Arson § 3— expert testimony—opinion that fire intentionally set**

An expert witness was properly permitted to state his opinion in an arson case that the fire was intentionally set where the witness was a captain in the fire department who had served for nine years as a fire inspector and had received special training in fire investigation; his testimony explained the accepted method of eliminating accidental causes of fires; and he described to the jury how he applied that method in this case and how he reached his conclusion that the fire was intentionally set.

3. **Arson § 3; Criminal Law § 34— arson—evidence of prior fire— prejudicial error**

In a prosecution of defendant for arson of the home in which he lived, testimony that a fire occurred at defendant's former residence five years earlier was not admissible under N.C.G.S. § 8C-1, Rule 404(b) where there was no evidence connecting defendant with the cause of the earlier fire, and the admission of such testimony was prejudicial error.

APPEAL by defendant from *Crawley, Jack B., Judge.* Judgment entered 10 June 1988 in GUILFORD County Superior Court. Heard in the Court of Appeals 22 August 1989.

Defendant was convicted of first-degree arson and sentenced to the maximum term of life imprisonment. At trial, the State's evidence tended to establish that defendant, who lived with his mother and grandmother, had a long history of mental illness. At about 2:30 p.m. on 24 February 1987 there was a crash and defendant was seen entering his home. Approximately thirty minutes later, defendant's home was observed to be on fire. At the time of the fire, the home was occupied by defendant's grandmother. Defendant remained at the scene, but did not render aid and was observed laughing. The fire originated in defendant's room on his own bed. There was no evidence of accidental cause of the fire and the fire was of incendiary origin. During the prior evening defendant quarreled with his mother and became agitated.

From the judgment entered on the jury's verdict of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy L. Miller, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

WELLS, Judge.

Defendant has brought forward three assignments of error, challenging the sufficiency of the evidence and the admission of evidence. We overrule two of defendant's assignments of error, but find merit in one of them and accordingly award a new trial.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss. North Carolina retains the common law definition of arson. Hence, to establish arson, the State must prove a "willful and malicious burning of the dwelling of another person." *State v. Eubanks*, 83 N.C. App. 338, 349 S.E.2d 884 (1986). Differing degrees of arson were unknown at common law. N.C. Gen. Stat. § 14-58 (1986) provides in pertinent part:

There shall be two degrees of arson as defined at the common law. If the dwelling house burned was occupied at the time of burning, the offense is arson in the first degree[.]

Defendant argues that the State failed to establish either that defendant was in fact the cause of the fire or the fire was willfully

set, in that no one testified that they observed him in the act of starting the fire. We disagree.

Criminal agency in an arson case is seldom proved by direct evidence. *State v. Hicks*, 70 N.C. App. 611, 320 S.E.2d 697 (1984). Defendant's motion to dismiss for insufficiency of evidence raises the question of whether there is substantial evidence to support each essential element of the crime charged and of defendant's being the perpetrator. In resolving this question, we must consider the evidence in the light most favorable to the State. *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985). The State is also entitled to all reasonable inferences to be drawn from the evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence supports a finding that the crime was committed, and that a defendant is the criminal agent, the case must be submitted to the jury. *Id.* The evidence need not exclude every reasonable hypothesis of innocence in order to support the denial of a defendant's motion to dismiss. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). This test of sufficiency of the evidence is the same for both direct and circumstantial evidence. *Id.* Measuring the State's evidence against these standards, we conclude that the issue of defendant's guilt was properly submitted to the jury in this case. This assignment of error is overruled.

[2] Defendant next assigns as error the admission of opinion testimony by the State's expert witness that the fire was intentionally set. Rule 702 of the North Carolina Rules of Evidence governs the admissibility of expert testimony. It states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

N.C. Gen. Stat. § 8C-1, Rule 702 (1988). Our courts construe this rule to admit expert testimony when it will assist the jury "in drawing certain inferences from facts, and the expert is better qualified than the jury to draw such inferences." *State v. Anderson*, 322 N.C. 22, 366 S.E.2d 459 (1988), *cert. denied*, --- U.S. ---, 109 S.Ct. 513 (1989) (citations omitted). A trial court is afforded wide latitude in applying Rule 702 and will be reversed only for an abuse of discretion. *Id.* No such abuse of discretion is present here.

Forensic fire investigation is a highly technical subject that requires specialized knowledge of both the potential causes of fires and the procedures for determining a fire's point of origin. The record shows that the State's expert witness was a captain in the fire department who had served for nine years as a fire inspector and had received special training in fire investigation. His testimony explained, in clear terms, the accepted method for eliminating accidental causes of fires. He described to the jury both how he applied that method in this case and how he reached his conclusion that the fire was intentionally set. Such testimony was clearly instructive to the jury. We find no error in its admission.

[3] Finally, defendant assigns as error the admission of evidence of an earlier fire in another house. The record discloses that the following testimony during the State's cross-examination of defendant's mother was elicited over defendant's objection: (1) a fire occurred at defendant's former residence in 1982; (2) defendant's mother was, at the time of that fire, engaged in efforts to have defendant civilly committed; (3) defendant's grandmother occupied the former residence at the time of the fire; and (4) defendant's mother spoke to him regarding the fire. There was no evidence that defendant had performed any act with respect to the 1982 fire nor was there any evidence placing defendant at the scene or its vicinity at the time of that fire. In short, no connection whatsoever between defendant and the cause of the earlier fire was established.

The State urges that the testimony is admissible under Rule 404(b) of the North Carolina Rules of Evidence. That rule provides that evidence of other crimes, wrongs, or acts may be admissible for "purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity[.]" N.C. Gen. Stat. § 8C-1, Rule 404(b) (1988). To be admissible under this rule, evidence of other acts must contain similarities that "support the *reasonable inference that the same person* committed both the earlier and the later [acts]." *State v. Green*, 321 N.C. 594, 365 S.E.2d 587 (1988) (emphasis added). Such an inference clearly cannot be supported absent a demonstrable nexus between the defendant and the act sought to be introduced against him. No such nexus is present here. Thus, when examined in connection with the evidence already present in the record, the questioned testimony was without doubt highly prejudicial to defendant. The trial court erred in admitting that testimony. Defendant is therefore entitled to a

New trial.

Judges PHILLIPS and PARKER concur.