STATE OF NORTH CAROLINA v. DONALD ADAMS

No. COA11-930

(Filed 1 May 2012)

**Evidence—prior crimes or bad acts—burning personal property—felony breaking and entering—properly admitted**

> The trial court did not err in a burning personal property and felony breaking and entering case by admitting N.C.G.S. § 8C-1, Rule 404(b) evidence of an out-of-state break-in at the victim's Atlanta apartment for which defendant was not investigated, charged, or convicted. The State offered substantial evidence tending to support a reasonable finding by the jury that defendant committed the out-of-state break-in. Furthermore, the evidence

was properly admitted to show proof of defendant's common plan or scheme, identity, and motive; the evidence was relevant to prove defendant's identity as the perpetrator of the Raleigh burglary as well as his motive and the existence of a common plan or scheme; and the trial court did not abuse its discretion in determining that the probative value of the evidence outweighed the prejudicial effect.

Appeal by defendant from judgment entered 3 March 2011 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 25 January 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Creecy J. Johnson, for the State.*

*Bushnaq Law Office, PLLC, by Faith S. Bushnaq, for defendant.*

ELMORE, Judge.

Donald Adams (defendant) appeals from convictions for two counts of burning personal property and one count of felony breaking and entering. After careful review, we find no error.

Defendant was indicted on 15 June 2009 for one count of felony breaking and entering, one count of felony larceny, and two counts of burning personal property. Prior to trial, the trial court conducted an evidentiary hearing concerning the admission of evidence of two prior acts allegedly committed by defendant in June and November 2008, pursuant to Rule 404(b) of our Rules of Evidence. Ultimately, the trial court admitted evidence of these prior incidents over defendant's objection.

Defendant's trial commenced on 28 February 2011, and the evidence presented at trial tended to show the following: Defendant and Tiffani Corbin were married in May 2004 and divorced in July 2008. Defendant and Corbin resided together in Atlanta, Georgia, until May 2008.

In June 2008, defendant visited Corbin's residence to discuss halting their divorce. During this visit, Corbin reiterated to defendant her desire to get divorced, which resulted in defendant getting angry and throwing furniture and books as well as shoving a television. Defendant also broke a lamp and a table. Corbin contacted the police after the incident, but the matter was not investigated because defendant owned the property together with Corbin.

**STATE v. ADAMS**

[220 N.C. App. 319 (2012)]

Corbin and defendant divorced the following month but maintained contact and briefly attempted to reconcile. However, Corbin discontinued her efforts when defendant refused to seek counseling for anger management. Corbin subsequently accepted a job transfer to Raleigh following a confrontation with defendant at Corbin's home in October 2008. Corbin informed defendant that she was moving to Raleigh but did not divulge her new address.

Corbin maintained her apartment in Atlanta while she traveled regularly to Raleigh for work. During one of her business trips to Raleigh in November 2008, Corbin learned from a neighbor that her apartment in Atlanta had been broken into and ransacked. Corbin returned to find that her couch had been shredded, a lamp was broken, the floor was covered in an oily substance, and her personal belongings had been strewn about. Corbin also discovered that her laptop and car title had been stolen. Atlanta police investigated the break-in but could not locate any fingerprints or DNA evidence tying defendant to the crime. Further, no eyewitnesses placed defendant at the scene. As a result, defendant was never charged, arrested, or convicted for this break-in.

On 20 January 2009, Corbin returned home from work to find that her apartment in Raleigh had been burglarized and ransacked. Similar to the break-in in November 2008, Corbin's clothes and other personal belongings had been strewn about and covered in liquid, her furniture had been cut, and her electronics destroyed. The floor was also covered in liquid, and her pictures had been slashed. A fire had been lit in Corbin's fireplace in which pictures of defendant and Corbin, books, shoes, picture frames, and photo albums had been burned.

After an investigation, the Raleigh police failed to recover defendant's DNA or forensic evidence from the scene and no eyewitnesses placed defendant at Corbin's apartment. However, testimony from a representative from Sprint Nextel regarding defendant's cell phone records revealed that defendant's cellphone was active in Raleigh and Durham during the afternoon of 20 January 2009 and in Atlanta later that evening.

After deliberating, the jury returned verdicts of guilty of two counts of burning personal property and one count of breaking and entering. The trial court sentenced defendant on 3 March 2011 to a consolidated term of eight to ten months for the burning personal property convictions and a consecutive term of eight to ten, months, suspended for the breaking and entering conviction, with 60 months of supervised probation. Defendant now appeals.

Defendant's sole contention on appeal is that the trial court erred in admitting 404(b) evidence of an out-of-state break-in at Corbin's Atlanta apartment for which defendant was not investigated, charged, or convicted. We disagree.

Rule of Evidence 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2011). "To be admissible under this rule, evidence of other acts must contain similarities that support the *reasonable inference that the same person* committed both the earlier and the later [acts]." *State v. English*, 95 N.C. App. 611, 614, 383 S.E.2d 436, 438 (1989) (quotations and citation omitted; alteration in original). "Such an inference clearly cannot be supported absent a demonstrable nexus between the defendant and the act sought to be introduced against him." *Id.*

In analyzing Rule 404(b), this Court has stated that it

> is a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject but to one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*State v. Kennedy*, 130 N.C. App. 399, 403, 503 S.E.2d 133, 135 (1998). However, "the admissibility of evidence of a prior crime must be closely scrutinized since this type of evidence may put before the jury crimes or bad acts allegedly committed by the defendant for which he has neither been indicted nor convicted." *State v. Jones*, 322 N.C. 585, 588, 369 S.E.2d 822, 824 (1988) (quotations and citation omitted).

In evaluating the admissibility of Rule 404(b) evidence, we start by determining whether there was substantial evidence presented by the State tending to support a reasonable finding by the jury that the defendant committed the other crimes, wrongs, or acts. *State v. Stager*, 329 N.C. 278, 303, 406 S.E.2d 876, 890 (1991) (citing *Huddleston v. United States*, 485 U.S. 681, 99 L. Ed. 2d 771 (1988)); *see also State v. Haskins*, 104 N.C. App. 675, 679-80, 411 S.E.2d 376,

380 (1991) ("In this regard, the trial court is required to make an initial determination pursuant to Rule 104(b) of whether there is sufficient evidence that the defendant in fact committed the extrinsic act."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Williams*, 307 N.C. 452, 454, 298 S.E.2d 372, 374 (1983) (quotations and citations omitted). The prosecution can present either direct or circumstantial evidence so long as it "tends to support a *reasonable* inference that the same person committed both the earlier and later acts." *State v. Peterson*, 361 N.C. 587, 601, 652 S.E.2d 216, 226 (2007) (quotations and citation omitted). If the State does offer substantial evidence tending to support a reasonable finding by the jury that the defendant committed the other crimes, wrongs, or acts, then we must conduct a three-pronged analysis regarding the admissibility of the 404(b) evidence.

This three-pronged analysis requires that we first "determine whether the evidence was offered for a proper purpose under Rule 404(b), then determine whether the evidence is relevant under Rule 401, and finally determine whether the trial court abused its discretion in balancing the probative value of the evidence under Rule 403." *State v. Martin*, 191 N.C. App. 462, 467, 665 S.E.2d 471, 474 (2008). The standard of review applied to the first two prongs of our analysis is *de novo* as the crux of both prongs is relevancy; that is, whether the evidence is *relevant* to a permissible purpose under Rule 404(b) and whether that purpose is relevant to the proceeding under Rule 401. *See State v. Kirby*, ____ N.C. App. ____, ____, 697 S.E.2d 496, 503 (2010) ("Whether evidence is relevant is a question of law, thus we review the trial court's admission of the evidence *de novo*."); *see also Haskins*, 104 N.C. App. at 679, 411 S.E.2d at 380 ("Even if offered for a proper purpose under Rule 404(b), evidence of prior crimes, wrongs, or acts must be relevant, and such evidence is not relevant unless it reasonably tends to prove a material fact in issue other than the character of the accused.") (quotations and citations omitted)). Further, "[a] trial court's rulings on relevancy are technically not discretionary, though we accord them great deference on appeal." *See State v. Lane*, 365 N.C. 7, 27, 707 S.E.2d 210, 223 (2011), *cert. denied*, ____ U.S. ____, 181 L. Ed. 2d 529 (2011) (citations omitted). The standard of review applied to the third prong is abuse of discretion. *See State v. Whaley*, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008) ("We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion.") (citation omitted).

In the instant case, Corbin testified that, in June 2008, defendant, during a conversation at her apartment in Raleigh, became angry and threw furniture and books as well as shoved a television. Defendant also broke a lamp and a table during this incident. A few months later, Corbin testified that during one of her business trips to Raleigh in November 2008, she learned from a neighbor that her apartment in Atlanta had been burglarized and ransacked. Corbin returned to find that her couch had been shredded, a lamp was broken, the floor was covered in an oily substance, and her personal belongings had been strewn about. Corbin also discovered that her laptop and car title had been stolen. Corbin noted that the car title was in her name and also defendant's. Atlanta police investigated the break-in but could not locate any fingerprints or DNA evidence tying defendant to the crime. Further, no eyewitnesses placed defendant at the scene.

Then, on 20 January 2009, Corbin testified that she returned home from work and found her apartment in Raleigh burglarized and ransacked. Corbin's clothes and other personal belongings had been strewn about and covered in liquid, her furniture had been cut, and her electronics destroyed. The floor was also covered in liquid, and her pictures had been slashed. A fire had been lit in Corbin's fireplace, in which pictures of defendant and Corbin, books, shoes, picture frames, and photo albums had been burned. After inspection, Corbin found that the only item stolen from her apartment was a set of jewelry given to her by defendant. As was the case with the November 2008 break-in, the police could not locate any forensic evidence or eyewitnesses tying defendant to the crime.

After the 404(b) evidentiary hearing, the trial court stated, in pertinent part:

> Speaking of the June, 2008 matters, what we have before the Court is a 404(b) allegation of an incident between the Defendant and the State's witness.

> [The] Court does make a determination that there is substantial evidence tending to support a reasonable inference by a jury that the Defendant committed a similar act, namely, damage or injury to personal property.

In reference to the November 2008 incident, the trial court then stated:

> [The] Court finds that the similarity of damage, namely that items were destroyed or disfigured, and also that there [were] household liquids used in each incident sufficient to show that

there is a logical tendency that the same person committed the offenses. . . . We have items being destroyed in the case at issue, namely the house had been ransacked and there were items that were cut up, strewn about the apartment, almost every item was damaged in some way. And there were other items that were personal to the relationship that allegedly were missing.

Accordingly, the trial court admitted this 404(b) evidence based on the multitude of similarities between the January 2009 incident and the June and November 2008 incidents.

Defendant contends that the trial court erred by admitting this 404(b) evidence. Specifically, defendant contends that the 404(b) evidence is not substantial, especially considering the lack of eyewitness testimony and forensic evidence connecting defendant to the November 2008 and January 2009 incidents. Additionally, defendant asserts that this 404(b) evidence should have been excluded because defendant was neither investigated for nor charged in connection with the June and November 2008 incidents.

In his brief, defendant attempts to distinguish this case from two North Carolina cases, *State v. Peterson* and *State v. Campbell*, 133 N.C. App. 531, 515 S.E.2d 732 (1999), and argues that we should reach the same result as this Court did in *State v. English* regarding 404(b) evidence. However, defendant's argument is without merit as this Court in *English* concluded that the trial court erred in admitting the 404(b) evidence because the evidence established "no connection whatsoever between defendant and the cause of the earlier fire[.]" *English*, 95 N.C. App. at 614, 383 S.E.2d at 438.

Conversely, it is quite clear from the record that the evidence here establishes a significant connection between defendant and the three incidents, including that: Corbin was the intended victim; her furniture was displaced, shredded, or destroyed; liquid was poured over the floors and her personal items; toiletries were scattered about; the only items stolen from Corbin were personal items, including a laptop, car title, and a set of jewelry given to her by defendant; and the police could not locate eyewitnesses or forensic evidence placing defendant at the scene. We also note that the State presented substantial circumstantial evidence showing that defendant was in Raleigh during the afternoon of 20 January 2009 based on his cell phone records, which captured outbound calls using cellular towers in Raleigh and Durham. Later that evening, defendant's cell phone records indicated that he had returned to Atlanta.

Further, this case is actually quite similar to *Campbell* and *Peterson* in that defendant was not investigated or charged in connection with the June and November 2008 incidents nor was there forensic evidence or eyewitness testimony tying him to the November 2008 incident. In *Campbell*, this Court upheld the trial court's decision to admit evidence of the victim's suspicion that the defendant "was involved in recent burglaries at her home" based on the defendant's familiarity with the home and "the conduct and schedules of the victim and her mother." *Campbell*, 133 N.C. App. at 539-40, 515 S.E.2d at 738. In *Peterson*, the defendant, convicted of murder, argued that the trial court erred in admitting evidence about a friend who had died in a manner similar to the murder victim "because there was no evidence which tended to show that defendant was [directly or indirectly] responsible for the death of [his friend]." *Peterson*, 361 N.C. at 600, 652 S.E.2d at 226. However, our Supreme Court upheld the admission of this evidence because "[t]he similarities in the case *sub judice* are also striking" to the circumstances surrounding the death of the defendant's friend. *Id.* at 602, 652 S.E.2d at 227. A few of the similarities highlighted by the Court included the absence of eyewitnesses to either of the incidents, the fact that both individuals died in the same manner, and the fact that both victims had a close personal relationship with the defendant. *Id.* at 599-600, 652 S.E.2d at 225.

Therefore, and despite defendant's assertion that there is not a sufficient demonstrable nexus between the June and November 2008 incidents and the January 2009 incident, we agree with the trial court's ruling that the State did present substantial evidence tending to support a reasonable finding by the jury that the defendant committed the other crimes, wrongs, or acts in June and November 2008.

Based on our conclusion that the State did present substantial evidence tending to support a finding that defendant committed these other acts, we must now determine whether the evidence was offered for a proper 404(b) purpose. Here, the State offered the June and November 2008 acts as 404(b) evidence to show proof of defendant's common plan or scheme, his identity, and his motive for committing the acts. After our analysis, we conclude that the trial court properly admitted the State's evidence for these specific purposes, pursuant to Rule 404(b).

It is well settled that

> evidence of another crime is admissible to prove a common plan or scheme to commit the offense charged. But, the two

acts must be sufficiently similar as to logically establish a common plan or scheme to commit the offense charged, not merely to show the defendant's character or propensity to commit a like crime.

*State v. Willis,* 136 N.C. App. 820, 822–23, 526 S.E.2d 191, 193 (2000) (citation omitted). "Rule 404(b) evidence is [also] admissible to prove identity when the defendant is not definitely identified as the perpetrator of the alleged crime." *State v. Gray,* ____ N.C. App. ____, ____, 709 S.E.2d 477, 488 (2011). However, "there must be shown some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes." *State v. Corum,* 176 N.C. App. 150, 156-57, 625 S.E.2d 889, 893 (2006) (quotations and citation omitted).

> The showing required to admit the evidence under the exception for motive is somewhat different. For motive, the prior act must pertain[] to the chain of events explaining the context, motive and set-up of the crime and form[] an integral and natural part of an account of the crime . . . necessary to complete the story of the crime for the jury.

*Willis,* 136 N.C. App. at 823, 526 S.E.2d at 193 (internal quotations and citation omitted; alteration in original).

We agree with the trial court that the evidence is sufficiently similar to establish proof of a common plan or scheme by defendant, his identity, and his motive. The evidence demonstrates that these three incidents are inextricably interlinked by their commonalities and were not the result of happenstance. As a result, we conclude that the trial court did not err in admitting the other acts into evidence for a proper 404(b) purpose.

Next we determine whether or not the 404(b) evidence presented by the State is relevant. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2011).

> Evidence is relevant if it has any logical tendency to prove a fact at issue in a case, . . . and in a criminal case every circumstance calculated to throw any light upon the supposed crime is admissible and permissible. It is not required that evidence bear directly on the question in issue, and evidence is compe-

tent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact.

*State v. Riddick*, 316 N.C. 127, 137, 340 S.E.2d 422, 428 (1986) (quoting *State v. Arnold*, 284 N.C. 41, 47-48, 199 S.E.2d 423, 427 (1973)).

Here, the 404(b) evidence offered by the State is relevant to prove facts at issue, specifically defendant's identity as the perpetrator of the Raleigh burglary as well as his motive and the existence of a common plan or scheme. As a result, this evidence makes it more probable than not that defendant was the culprit. Thus, we conclude that the State's prior act evidence was properly admitted for its relevancy.

Last, even if the prior act evidence is admissible under Rule 404(b) and relevant to the proceeding under Rule 401, the third prong of our analysis requires that we determine whether the probative value of this evidence outweighs the danger of undue prejudice to the defendant, pursuant to Rule 403. *State v. Frazier*, 319 N.C. 388, 390, 354 S.E.2d 475, 477 (1987); *see also* N.C. Gen. Stat. § 8C-1, Rule 403 (2011). We review a trial court's determination to admit evidence under Rule 403 for an abuse of discretion. *See State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (2006). Accordingly, the trial court's "ruling may be reversed for an abuse of discretion only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *State v. Jones*, 89 N.C. App. 584, 594, 367 S.E.2d 139, 145 (1988) (quotations and citation omitted).

"The test of admissibility [under Rule 404(b)] examines whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of Rule 403." *State v. Aldridge*, 139 N.C. App. 706, 714, 534 S.E.2d 629, 635 (2000) (citations omitted). "Although it is not necessary that there be bizarre and unique signature elements common to the past crimes and the crimes the State presently seeks to prove, the similarities between the crimes must support the reasonable inference that the same person committed both the earlier and the later crimes." *Haskins*, 104 N.C. App. at 681, 411 S.E.2d at 381 (internal quotations and citation omitted). "In addition, the prior crime must not be so remote [in time] as to have lost its probative value." *Id.* (quotations and citation omitted; alteration in original). Regarding remoteness, this Court has stated that "the more striking the similarities between the facts of the crime charged and the facts of the prior bad act, the

**STATE v. ADAMS**

[220 N.C. App. 319 (2012)]

longer evidence of the prior bad act remains relevant and potentially admissible for certain purposes." *Gray*, ____ N.C. App. at ____, 709 S.E.2d at 488; *see also Riddick*, 316 N.C. at 134, 340 S.E.2d at 427 ("Remoteness in time is less important when the other crime is admitted because its *modus operandi* is so strikingly similar to the *modus operandi* of the crime being tried as to permit a reasonable inference that the same person committed both crimes. It is reasonable to think that a criminal who has adopted a particular *modus operandi* will continue to use it notwithstanding a long lapse of time between crimes. It is this latter theory which sustains the evidence's admission in this case.").

As stated herein *supra*, there are substantial similarities between the January 2009 incident and the June and November 2008 incidents thereby rendering the evidence more relevant than remote. Thus, we conclude that the probative value of this evidence as proof of defendant's common scheme or plan, his identity, and his motive is not outweighed by its prejudicial effect. Accordingly, we find no abuse of discretion by the trial court in admitting this testimony under Rule 403. *See State v. Boyd*, 321 N.C. 574, 578, 364 S.E.2d 118, 120 (1988) (finding "no abuse of discretion by the trial court in failing to exclude this testimony under the balancing test of Rule 403 since the alleged incident was sufficiently similar to the act charged and not too remote in time."). Therefore, we hold that the trial court did not err in admitting the State's 404(b) evidence.

No error.

Judges BRYANT and ERVIN concur.